IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

************************************           Case No. 09 - CR - 301 (GLS)

UNITED STATES OF AMERICA

                                                      GOVERNMENT'S SENTENCING
                                                      MEMORANDUM
       v.

STEVEN SARTI,
         Defendant.

************************************

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

**I**

**INTRODUCTION**

      On May 7, 2010, pursuant to a written plea agreement, the defendant entered a guilty plea to Count 3 of 2nd Superseding Indictment 09-CR-301, Conducting a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848. The defendant is scheduled to be sentenced on August 15, 2012.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum Sentences**

The defendant's conviction for Conducting a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 subjects the defendant to a statutory maximum term of life imprisonment; a statutory minimum term of imprisonment of twenty (20) years; not more than five (5) years supervised release, *see* 21 U.S.C. § 848; and a fine of $2,000,000. *See* 21 U.S.C. § 848.

**2.      Guidelines Provisions**

  **a.      Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for Conducting a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848 is 42. *See* U.S.S.G. § 2D1.5.

  **b.      Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

  **c.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. The

government agrees with the Probation Office's determination of the defendant's criminal history category.

    e.    **Guidelines Range and Sentence**

As described above, the combined offense level is 39 and the criminal history category is I. This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 262 to 327 months imprisonment; a fine of $25,000 to $2,000,000; and a supervised release term of up to 5 years.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

The Court's sentence should reflect the seriousness of the offense and provide a sufficient deterrent to other individuals like the defendant. As reflected in the twenty year mandatory minimum sentence, the instant offense is very serious. From 2007 until his arrest in June 2009, the defendant organized a large scale drug smuggling operation in the Northern District of New York and elsewhere. The organization, at the direction of the defendant, smuggled thousands of pounds of marijuana into the United States and large quantities of cocaine and currency into Canada. The defendant's conduct directly facilitated the flow of drugs into and out of the United States, helped fund a large scale drug organization and generated significant income for that organization. The defendant's conduct brought drugs to drug users in the United States and in Canada and financed organized crime.

The defendant also recruited and supervised many of the members of this organization, allowing the organization to operate more effectively and maximizing profits and product flow. As

a result, the defendant influenced other young people like himself to become involved in this organization and encouraged them to commit crimes; many of whom are now, or have, served time in prison for their conduct. Clearly, the defendant's actions have had a negative effect on the life's of many people.

The Court's sentence should also be sufficient to deter the defendant from engaging in criminal conduct in the future and to deter other would-be smugglers from engaging in similar conduct. The defendant is an intelligent, capable young man that has chosen to use his talents to commit crimes and make easy money. The defendant has the capability of being a productive member of society, but he needs to understand the severity of his actions and the consequences for his conduct - so the next time he is faced with an opportunity to make easy money, he chooses a better path.

Respectfully submitted this 9th day of August, 2012,

RICHARD S. HARTUNIAN
United States Attorney


By: */s/ Daniel C. Gardner*

Daniel C. Gardner
Assistant United States Attorney
Bar Roll No. 515333